IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS BAUER,

                            Petitioner,

                    v.

WARDEN E. EMMERICH,

                            Respondent.

OPINION AND ORDER

26-cv-344-wmc

---

Petitioner Thomas Bauer is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Bauer has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the length of his imprisonment at FCI-Oxford. (Dkt. #1.) Specifically, Bauer contends that he was approved to serve 240 days at the end of his prison term at a residential recovery center (an "RRC" or "half-way house"), but that the BOP violated his constitutional rights by reducing that amount to 85 days on March 18, 2026, due to "lack of bed space." Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2241 petitions, the court must review the petition and may summarily dismiss the action if it plainly appears that the petitioner is not entitled to relief. After reviewing the petition under Rule 4 and the lenient standard that applies to pro se submissions, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), this action will be dismissed for the reasons explained below.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). First, however, the petitioner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

2

Petitioner concedes that he did not complete all steps of the administrative remedy process before filing his petition. (Dkt. #1, at 3.) Although petitioner argues that exhaustion would be "futile" and that he would be prejudiced by any further delay, he does not show that issues regarding his half-way house assignment are not capable of resolution through completion of the administrative remedy process. Petitioner's frustration is understandable, but his speculation that pursuing exhaustion will prove unsuccessful doesn't show that exhaustion would be futile. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). Because petitioner plainly failed to exhaust administrative remedies, the action is subject to dismissal for lack of exhaustion.

Moreover, even if petitioner *had* exhausted his administrative remedies, his suit must be dismissed for other reasons. Petitioner seeks his "immediate release" to a half-way house. (Dkt. # 1, at 5.) To the extent that petitioner is asking this court to order his placement in an RRC, the court does not have jurisdiction to entertain such a request. *See Decker v. Sproul*, No. 3:24-cv-2211, 2025 WL 438832, at *2 (S.D. Ill. Jan. 10, 2025) (dismissing a habeas petition filed by a federal prisoner whose RRC placement date was rescinded); *Grover v. Kallis*, No. 18-cv-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019) (citing *Tylman v. Roal*, No. 12-CV-80863, 2013 WL 171073, at *2 (S.D. Ill. Jan. 16, 2013) (reconsideration of an "RRC designation by the BOP is all the remedy that" a petitioner filing a § 2241 petition can achieve) (internal citation omitted)). For the foregoing reasons, the petition must be denied and this case will be dismissed.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Thomas Bauer (dkt. #1) is DENIED and this action is DISMISSED for the reasons set forth above.

2. The clerk of court shall enter judgment and close this case.

Entered on this 27th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4